Per curiam

if the cause be now dismissed' from this qpurt, a procedendo must, issue to enforce the execution of' the judgment below: because the, obtaining a certiorari was for the purpose of having it determined by the court here, whether it was proper to grant a new trial, and the judgment below remains in force until an argument, be had here,& the new trial granted; and if the cause should be dismissed before the new trial is granted, the obstacle to the execution of judgment being removed, it remains to be executed : and the court here ought to certify the court below of this proceeding, which is done by a pro-cedendo. The counsel for the Defendant then moved*' that the cause should be set aside for trial at the, next tei m.
Per curiam — When a cause is removed by certiorari granted by a Judge out of court, it must bo placed on, the argument docket; and the affidavits of the Defendant may be received, to shew the impropriety of granting the new trial. The court therefore will not order a new trial, until the affidavits on .both sides be rereii ed. The affidavits were then produced on the [tart of the Plaintiff in the certiorari — the Defendant had none: but, these being not sufficient to grant a new trial upon, the court ordered the cause to itand over for other affidavits, which it was said could be procured.'
It, was further laid down by the court in this case as the rule of practice, that if the certiorari was obtained in this court upon a rule made, on the oilier party to shew cause, and upon argument had upon that rule, that then the cause when removed, should be placed immediately on the docket of causes for trial, without any further argument to be had ; but if obtained before a Judge out of court, the • it w s subject m t>>«j rule a|u>\. mentioned.
Note. — Vicie Anonymous, post 367. Rearden v. Guy, 2 Hay. 245.